THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

HELAYNE SEIDMAN,

    Plaintiff,

v.                                                                                                       C.A. No.

GALLOP EDUCATION INC.,

    Defendant.

## COMPLAINT

Plaintiff Helayne Seidman ("Plaintiff") sues Defendant Gallop Education, Inc. ("Defendant"), and alleges as follows:

### THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of New York residing in the State of New York.

2. Defendant is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business located at 1073 Hancock St., Suite 1024, Quincy, MA 02169. Defendant's agent for service of process is Ye Edward Huang, Esq., 60 Walnut Street 4th Floor Suite 200, Wellesley, MA 02481.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. A Defendant "may be found and subject to venue only in the districts where there is personal jurisdiction." <u>Alicea v. LT's Benjamin Records</u>, No. 10-cv-30002-MAP, 2011 U.S. Dist. LEXIS 120601, at *6 (D. Mass. Oct. 6, 2011) (internal quotation marks and citations omitted). "In other words, 'if a court has personal jurisdiction over the Defendants in a copyright infringement action, venue in that court's district is proper.'" <u>McGregor v. In Tune Music Grp.</u>, No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting <u>Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.</u>, 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is an award-winning photojournalist who has received four Pulitzer Prize nominations.

7. Plaintiff currently works for the *New York Post*, and her past long-term clients include *The Washington Post*, *Financial Times*, and *New York Daily News*.

8. Plaintiff's photographs appeared in Michael Moore's major motion picture Fahrenheit 911, numerous books, television shows, and major magazines including *Time*, *Newsweek*, *People*, *New York*, and *Rolling Stone*. Her celebrity portrait subjects include Amy Winehouse, Jeff Bezos, and Donald Trump.

9. The Forbes Galleries on Fifth Avenue included Plaintiff's work in numerous exhibitions.

10. Plaintiff has widely published thousands of photographs for almost four decades.

### II. The Work at Issue in this Lawsuit

11. In 2022, Plaintiff created a professional photograph of an NYU banner titled

"4.30.22_NYU Banner_Seidman" (the "<u>Work</u>").  A copy of the Work is displayed below:



12.    The Work was registered by Plaintiff with the Register of Copyrights on June 23, 2022 and was assigned Registration No. VA 2-307-046. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

13.    Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

14.    The Work was licensed to the *New York Post* and published alongside an article titled "Taylor Swift, Dr. Anthony Fauci and Mayor Eric Adams set to speak at NYC commencements." The foregoing New York Post article (immediately below the Work appearing in the article) credits Plaintiff as the author/creator of the Work – an attribution known in the industry as a "gutter credit":



### III.  Defendant's Unlawful Activities

15.  Defendant is an international education consulting agency that assists students across the globe in opportunities to enroll in top ranking schools within the United States.

16.  Defendant advertises/markets its business through its website (https://gallopedu.com/), and other forms of advertising.

17.  On October 11, 2022 (after the above-referenced copyright registration of the Work), Defendant displayed and/or published the Work on a website, webpage, and/or social media (at https://automated-merchant-services.business.site/posts/3821877125207747564?hl=en):



18.    A true and correct copy of screenshots from Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19.    In publishing the Work online, Defendant cropped the Work so as to remove Plaintiff's gutter credit. The remaining details of the photographs, however, unequivocally show the photographs to be the same.

20.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

21.    Defendant utilized the Work for commercial use.

22.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

23.    Through her ongoing diligent efforts to identify unauthorized use of her photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in January 2024.   Following   Plaintiff's   discovery,   Plaintiff   notified   Defendant   in   writing   of   such

5

unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of her Work.

24. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

27. Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and/or social media.

29. Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

31. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot

simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

33. Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work, and at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her costs and attorneys' fees as a result of Defendant's conduct.

36. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION

37. Plaintiff re-alleges and incorporates paragraphs 1 through 36 as set forth above.

38. As evidenced above, Plaintiff's name appeared in a gutter credit near each photograph comprising the Work identifying Plaintiff as the owner/creator of the Work. The gutter credit qualifies as protectable copyright management information identifying Plaintiff as the owner/creator of the Work.

39. Defendant knowingly and with the intent to enable or facilitate copyright infringement, removed or altered the copyright management information from the Work in violation of 17 U.S.C. § 1202(b).

40. Defendant committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

41. If Defendant did not remove or alter the copyright management information itself, Defendant caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

42.     As a direct and proximate result of Defendant's conduct in removing or altering the foregoing copyright management information, Plaintiff has been damaged.

43.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendant.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has violated Plaintiff's copyrights in the Work by removing or altering or causing to be removed or altered Plaintiff's copyright management information displayed thereon;

b. A declaration that such violation is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $25,000.00 for each photograph comprising the Work;

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

g. For such other relief as the Court deems just and proper

Dated:   August 1, 2024                    PLAINTIFF,
                                           HELAYNE SEIDMAN,
                                           By & through her attorney,


                                           /s/    Chip Muller
                                           Chip Muller, Esq. (BBO# 672100)
                                           Muller Law, LLC
                                           47 Wood Avenue
                                           Barrington, RI  02806
                                           (401) 256-5171
                                           chip@mullerlaw.com